**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION AT LAFAYETTE**

| | | |
|---|---|---|
| THE TRAVELERS INDEMNITY COMPANY,<br>  Plaintiff, | )<br>)<br>)<br>) | |
| v. | )<br>) | CAUSE NO.: 4:17-CV-86 |
| BRITTANY M. JOHNSON,<br>  Defendant, | )<br>)<br>)<br>) | |
| BRITTANY M. JOHNSON,<br>  Counterclaim Plaintiff, | )<br>)<br>)<br>) | |
| v. | )<br>) | |
| THE TRAVELERS INDEMNITY COMPANY,<br>  Counterclaim Defendant. | )<br>)<br>)<br>) | |

**OPINION AND ORDER**

This matter is before the Court on a Motion to Compel Response to Non-Party Request [DE 34], filed by Defendant/Counterclaim Plaintiff Brittany M. Johnson on November 8, 2018. On November 13, 2018, Non-Party Robert R. Foos, Jr., filed a response, and on December 5, 2018, Johnson filed a reply. Plaintiff/Counterclaim Defendant The Travelers Indemnity Company has not filed any briefing related to the instant Motion.

This case arises out of a personal injury case in which Johnson obtained a jury verdict in excess of the limits of the insurance policy provided by Travelers. In the underlying case, Travelers hired Foos as an attorney representative for its insured, who was found to have injured Johnson. Johnson represents that she sent a non-party request for production of documents to Foos, with what she asserts were limited and specific requests for production of documents related to his previous work at the behest of Travelers. Rather than respond to the individual requests, Foos provided a

large number of electronic files, many of which Johnson is unable to open. She now seeks to compel him to respond to the non-party discovery request with responsive, readable documents.

Pursuant to Federal Rule of Civil Procedure 26, the scope of discovery is "any nonprivileged matter that is relevant to any party's claim or defense. . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). Relevancy is "construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or provides evasive or incomplete responses. *See* Fed. R. Civ. P. 37(a). The party objecting to the discovery request bears the burden of showing why the request is improper. *See McGrath v. Everest Nat'l Ins. Co.*, 625 F. Supp. 2d 660, 670 (N.D. Ind. 2008). The Court has broad discretion when determining matters related to discovery. *Thermal Design, Inc. v. Am. Soc'y of Heating, Refrigerating & Air-Conditioning Eng'rs, Inc.*, 755 F.3d 832, 837 (7th Cir. 2014); *Rennie v. Dalton*, 3 F.3d 1100, 1110 (7th Cir. 1993).

Johnson attaches the non-party request for production, citing to Federal Rule of Civil Procedure 34. However, Foos is not a party to this lawsuit, so Johnson cannot request documents from him under Rule 34. See Fed. R. Civ. P. 34(a); Fed. R. Civ. P. 34(c) (stating that Rule 45 governs nonparty requests for documents). Rule 45 requires that subpoenas must, among other requirements, "state the court from which it issued; . . . [and] set out the text of Rule 45(d) and (e)," and it "must issue from the court where the action is pending," with notice and a copy served on each party prior to service on the person to whom it is directed. Fed. R. Civ. P. 45(a). The document

request provided with the instant Motion does not comply with these requirements. Accordingly, the Court cannot enforce the subpoena against the non-party.

The Court also notes that it appears Johnson may be seeking information from Foos that is also in the possession of a party to the litigation. Rule 26 requires, "On motion or on its own, the court must limit the frequency or extent of discovery otherwise allowed . . . if it determines that . . . the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive." Fed. R. Civ. P. 26(b)(2)(C)(i). Johnson is reminded of the need to comply with all applicable Rules. If she still seeks information from non-party Foos, the request must come in the form of a subpoena properly issued under Rule 45, and a motion to quash may be granted if the discovery sought is unreasonably cumulative or could be obtained from a party to the litigation.

For the foregoing reasons, the Court hereby **DENIES** the Motion to Compel Response to Non-Party Request [DE 34]. As Rule 37 provides, because "the motion is denied, the court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees" unless "the motion was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(A)(5)(B). Accordingly, the Court **ORDERS** Robert R. Foos, Jr., to **FILE**, on or before **April 8, 2019**, an itemization of its costs and fees, including attorney's fees, incurred in defending against the Motion to Compel along with argument as to why those expenses are reasonable in this situation. The Court **ORDERS** Brittany M. Johnson to serve on Foos and file a response by **April 22, 2019**, and Foos to file a reply, if any, by **April 29, 2019**.

The Court **DIRECTS** Brittany M. Johnson to serve a copy of this Motion on non-party Robert R. Foos, Jr., and to file a certificate of service after she has done so.

SO ORDERED this 22nd day of March, 2019.

s/ John E. Martin  
MAGISTRATE JUDGE JOHN E. MARTIN  
UNITED STATES DISTRICT COURT

cc: All counsel of record