**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE**

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY,<br>    Plaintiff,<br><br>    v.<br><br>BRITTANY M. JOHNSON,<br>    Defendant,<br>_____<br><br>BRITTANY M. JOHNSON,<br>    Counterclaim Plaintiff,<br><br>    v.<br><br>THE TRAVELERS INDEMNITY COMPANY,<br>    Counterclaim Defendant. | )<br>)<br>)<br>)<br>)<br>)   CAUSE NO.: 4:17-CV-86<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**OPINION AND ORDER**

This matter is before the Court on Non-Party Robert R. Foos, Jr.'s Affidavit of Costs and Fees [DE 43], filed March 29, 2019. On March 22, 2019, the Court denied Defendant's motion to compel and set a briefing schedule for the attorney's fees incurred in filing the motion. The instant affidavit requests $800.00 in attorney's fees incurred in responding to the motion to compel and preparing the affidavit. On April 22, 2019, Defendant responded to the instant affidavit, arguing that an award of fees is inappropriate. Foos has not filed a reply and the time to do so has passed.

Rule 37 provides that, if a motion to compel is denied, the Court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Fed. R. Civ. P. 37(a)(5)(B). However, "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses

unjust." *Id*. District courts possess wide latitude in evaluating the reasonableness of requested attorney fees and costs. *Johnson v. Kakvand*, 192 F.3d 656, 661 (7th Cir. 1999).

Defendant argues that Foos should be compelled to turn over the requested documents. However, she has not filed a motion for reconsideration, nor does she identify any information or argument that could not have been presented in the initial motion. *See, e.g,. Caisse Nationale de Credit Agricole v. CBI Indus., Inc.*, 90 F.3d 1264, 1269 (7th Cir. 1996) ("Motions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence.") (quoting *Keene Corp. v. Int'l Fidelity Ins. Co.*, 561 F. Supp. 656, 665 (N.D. Ill.1982)). Defendant now argues that the Court should determine that Foos is actually a party to the lawsuit, although she clearly identified him as a non-party in her original Motion to Compel Response to Non-Party Request.

To the extent that Defendant is arguing that Foos's relationship to Plaintiff made her initial motion substantially justified, the argument that Foos should be considered a party could have been made in the initial motion. Instead, as the Court pointed out, Defendant identified Foos as a non-party and sought to compel responses to a non-party request for production, without identifying a subpoena that complied with Rule 45. It does not appear to the Court that Defendant has obtained any new information about the relationship between Foos and Plaintiff that was not available at the time of the original motion to compel that would now make the award of expenses unjust. Defendant identified Foos as a non-party and sought information from him thusly; the Court will not now fail to award fees for his responding to the motion as a non-party. As described in the Order denying the motion to compel, Defendant still has avenues for obtaining the needed discovery information,

whether through properly issued non-party subpoenas or through discovery requests made to party opponents.

Defendant has not shown that the motion was substantially justified or that an award of expenses would be unjust, so the Court now turns to the reasonableness of the request. As the Supreme Court has explained, "the most useful starting point for court determination of the amount of a reasonable fee payable by the loser is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate," known as the "lodestar." *Gisbrecht v. Barnhart*, 535 U.S. 789, 801-02 (2002) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)) (quotation and other marks omitted). Foos requests attorney fees in the amount of $800, representing the time that he himself spent responding to the motion to compel and preparing the instant affidavit. However, since he is representing himself, he is not entitled to attorney's fees under Rule 37, *Pickholtz v. Rainbow Techs., Inc.*, 284 F.3d 1365, 1375 (Fed. Cir. 2002); *Cooper v. Meyer*, No. 16-CV-526-JDP, 2018 WL 1400956, at *3 (W.D. Wis. Mar. 19, 2018); *Miller v. City of Plymouth*, No. 2:09-CV-205-JVB-PRC, 2011 WL 4601613, at *4 (N.D. Ind. May 5, 2011), report and recommendation adopted, No. 2:09-CV-205 JVB, 2011 WL 4625684 (N.D. Ind. Sept. 30, 2011); *Range v. Brubaker*, No. 3:07-CV-480, 2008 WL 5249004, at *2 (N.D. Ind. Dec. 16, 2008), and he has not requested reimbursement of any costs.

Accordingly, the Court **DECLINES** to award attorney's fees as requested in Non-Party Robert R. Foos, Jr.'s Affidavit of Costs and Fees [DE 43].

SO ORDERED this 20th day of May, 2019.

                                              s/ John E. Martin  
                                              MAGISTRATE JUDGE JOHN E. MARTIN  
                                              UNITED STATES DISTRICT COURT

cc:    All counsel of record