# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY, | |
| Plaintiff, | |
| v. | CAUSE NO.: 4:17-CV-86-TLS-JEM |
| BRITTANY M. JOHNSON, | |
| Defendant. | |

## OPINION AND ORDER

This matter is before the Court sua sponte. The Court must continuously police its subject matter jurisdiction. *Hay v. Ind. State Bd. of Tax Comm'rs*, 312 F.3d 876, 879 (7th Cir. 2002).

The Complaint alleges that the Court's original subject matter jurisdiction is based on diversity of citizenship under 28 U.S.C. § 1332. (Compl. ¶ 6, ECF No. 1.) Diversity jurisdiction exists when the parties to an action on each side are citizens of different states, with no defendant a citizen of the same state as any plaintiff, and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332(a)(1). As the party seeking to invoke this Court's jurisdiction, the Plaintiff bears the burden of demonstrating that the jurisdictional requirements have been met. *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (2010); *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802–03 (7th Cir. 2009). A failure to meet that burden can result in a dismissal. *See Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004). In this case, the Plaintiff has sufficiently alleged the citizenship of the Defendant and that the amount in controversy exceeds $75,000.

However, the Complaint alleges that the Plaintiff, The Travelers Indemnity Company, "is a corporation organized under the laws of the State of Connecticut and was at all relevant times

authorized to do business in the State of Indiana." (Compl. ¶ 2.) This allegation of citizenship is deficient because a corporation is a citizen of every state and foreign state in which it has been incorporated and the state or foreign state where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1); *see also Hertz Corp.*, 559 U.S. at 92–93 (holding that the term "principal place of business" refers to the corporation's "nerve center," that is, the place where a corporation's officers direct, control, and coordinate the corporation's activities). The Plaintiff has not alleged its principal place of business.

Accordingly, the Court ORDERS the Plaintiff to FILE, on or before, **July 2, 2019**, a supplemental jurisdictional statement properly identifying the citizenship of The Travelers Indemnity Company on November 2, 2017, the date the Complaint was filed.

SO ORDERED on June 18, 2019.

s/ Theresa L. Springmann  
CHIEF JUDGE THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT