UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY, | |
| Plaintiff, | |
| v. | CAUSE NO.: 4:17-CV-86-TLS |
| BRITTANY M. JOHNSON, | |
| Defendant. | |
| BRITTANY M. JOHNSON, | |
| Counter-Claimant, | |
| v. | |
| THE TRAVELERS INDEMNITY COMPANY, | |
| Counter-Defendant. | |

**OPINION AND ORDER**

This matter is before the Court on Brittany M. Johnson's Motion for Certification of Question to the Indiana Supreme Court, or in the alternative, Motion for Certification of Interlocutory Appeal to the Seventh Circuit [ECF No. 65], filed on March 13, 2020. For the reasons stated below, Johnson's requests are DENIED.

**BACKGROUND**

On April 27, 2008, Brittany M. Johnson was injured in a vehicular collision involving a semi-truck. *See* Def.'s Countercl., p. 10, ECF No. 19. Kimiel Horn was the operator of the truck, and he was employed by Sandberg Trucking, Inc. *Id.* at 9. Both Horn and Sandberg Trucking were insured by the Travelers Indemnity Company (Travelers). *Id.* at 9. As a result of the

collision, Johnson suffered serious injuries. *Id.* at 11. Following the crash, Johnson sued both Horn and Sandberg Trucking in state court. *Id.* Upon filing suit, Travelers took exclusive possession and control of the defense and all settlement negotiations. *Id.* Ultimately, an excess verdict was entered against Horn, and he assigned his right to sue Travelers to Johnson. *Id.* at 16.

On November 2, 2017, Travelers filed a Complaint for Declaratory Judgement [ECF No. 1] against Johnson in this Court, alleging that it should be relieved of any future responsibility because it had paid Johnson the full amount of the insurance policy and statutory interest. Compl. for Declaratory J. ¶ 21, ECF No. 1. On December 21, 2017, Johnson filed an Answer and Counterclaim [ECF No. 19] in which she argued that Travelers' request for declaratory judgment should be denied and that the Court should enter declaratory judgment in her favor (Count I). Answer and Countercl., pp. 16–17.

Notably, Johnson also brought counterclaims for negligent failure to settle (Count II), bad faith failure to settle (Count III), and breach of contract (Count IV). *Id.* at 16–21. On January 18, 2018, Travelers filed a Motion to Dismiss [ECF No. 24]. Travelers argued that, under Indiana law, an insurance provider does not breach the obligation of good faith and fair dealing that it owes to its insured when it negligently fails to settle a claim within the policy limits of an insurance contract. *See* Travelers' Mot. to Dismiss, pp. 2–5, ECF No. 24. In support of this argument, Travelers relied on *Erie Insurance Co. v. Hickman by Smith*, 622 N.E.2d 515, 517 (Ind. 1993), and the body of caselaw arising from it. Relying upon *Anderson v. St. Paul Mercury Indemnity Co.*, 340 F.2d 406, 407 (7th Cir. 1965), Johnson argued that an insurance provider breaches the obligation of good faith and fair dealing that it owes to its insured when it negligently fails to settle a claim within the policy limits of an insurance contract.

Ultimately, the Court agreed with Travelers' argument and concluded that *Hickman* and its progeny established that an insurance provider does not breach its duty of good faith and fair dealing that it owes to its insured when it negligently fails to settle a claim within the policy limits of an insurance contract. Op. & Order, p. 4, ECF No. 63, available at *Travelers Indem. Co. v. Johnson*, No. 4:17-CV-86, 2020 WL 820921 (N.D. Ind. Feb. 18, 2020). In so doing, the Court concluded that *Anderson* was no longer binding authority. Op. & Order at 13. On March 13, 2020, Johnson filed the instant request for an interlocutory appeal or certification to the state supreme court. This matter is fully briefed and ripe for ruling.

## ANALYSIS

Johnson requests an interlocutory appeal to the Seventh Circuit or certification to the Indiana Supreme Court. The Court addresses these issues in turn.

A.     **Interlocutory Appeal to the Seventh Circuit**

The Court denies Johnson's request for an interlocutory appeal. An interlocutory appeal to the Seventh Circuit "is appropriate when (1) the appeal presents a question of law; (2) it is controlling; (3) it is contestable; (4) its resolution will expedite the resolution of the litigation, and (5) the petition to appeal is filed in the district court within a reasonable amount of time after entry of the order sought to be appealed." *Boim v. Quranic Literacy Inst. and Holy Land Found. for Relief and Dev.*, 291 F.3d 1000, 1007 (7th Cir. 2002) (citing *Ahrenholz v. Bd. of Trs. of the Univ. of Ill.*, 219 F.3d 674, 675 (7th Cir. 2000)); *see also* 28 U.S.C. § 1292(b). "Interlocutory appeals are disfavored because generally they interrupt litigation and burden appellate courts unduly." *Conticommodity Servs., Inc. v. Ragan*, 826 F.2d 600, 601 (7th Cir. 1987); *see also Blair v. Equifax Check Servs., Inc.*, 181 F.3d 832, 835 (7th Cir. 1999). "The decision of whether to grant an interlocutory appeal is discretionary. The party moving for the § 1292(b) interlocutory

3

appeal bears the burden of persuading the court that exceptional circumstances justify departing from the normal course of taking an appeal after entry of final judgment." *Smith v. Ford Motor Co.*, 908 F. Supp. 590, 600 (N.D. Ind. 1995) (citing *Wright v. Kosciusko Med. Clinic, Inc.*, 791 F. Supp. 1327, 1334 (N.D. Ind. 1992)).

The Court emphasizes that Johnson's motion for an interlocutory appeal does not explain how an interlocutory appeal would expedite the litigation. *See* Johnson's Mot. at 6–10, ECF No. 65. In response, Travelers offers the following analysis:

> It is more likely that interlocutory appeal will significantly prolong this action. Permitting an appeal at this juncture . . . would lead to a lengthy delay, unnecessary additional appellate costs and piecemeal appeals if, as is likely, one or both parties appeal future orders on summary judgment, motions in limine, evidentiary issues, or motions for directed verdict. In such a case, the parties and the Seventh Circuit would be burdened with multiple appeals, first to address the bad faith standard, and then to address other issues that may arise on summary judgment or at trial.

Travelers' Resp. at 13, ECF No. 69. In reply, Johnson merely states that "since the issue presented here is contestable (i.e. likely to be overturned on appeal) its resolution will speed up the litigation." Johnson's Reply at 17, ECF No. 70.

The Court finds that an interlocutory appeal will not expedite the resolution of the litigation.[1] Namely, Johnson brought a counterclaim for negligent failure to settle (Count II), bad faith failure to settle (Count III), and breach of contract (Count IV). This Court's prior order merely granted a partial motion to dismiss as to Count II. Specifically, the Court concluded that an insurance provider does not breach its duty of good faith and fair dealing that it owes to its insured when it negligently fails to settle a claim within policy limits. Op. & Order at 4, ECF No. 63. Johnson still has several counterclaims remaining, and these counterclaims could be

---

[1] Because Johnson has failed to demonstrate how an interlocutory appeal would expedite the litigation, the Court need not address whether the question of law is "controlling" or whether this Court's prior order is "contestable." *See Ahrenholz*, 219 F.3d at 676 ("Unless *all* these criteria are satisfied, the district court may not and should not certify its order to us for an immediate appeal under section 1292(b).").

dismissed at summary judgment. *See Inman v. State Farm Mut. Auto. Ins. Co.*, 981 N.E.2d 1202, 1207 (Ind. 2012) ("There is little question that it is difficult for the insured plaintiff to prove bad faith. It is a fact-intensive inquiry providing little certainty as to a plaintiff's probability of success."); *see also WellPoint, Inc. v. Nat'l Union Fire Ins. Co. of Pittsburgh, PA*, 29 N.E.3d 716, 727 (Ind. 2015) ("'To prove bad faith, the plaintiff must establish, with clear and convincing evidence, that the insurer had knowledge that there was no legitimate basis for denying liability.' Further, 'a good faith dispute about whether the insured has a valid claim will not supply the grounds for recovery in tort for the breach of the obligation to exercise good faith.'" (quoting *Freidline v. Shelby Ins. Co.*, 774 N.E.2d 37, 40 (Ind. 2002))).

If summary judgment is entered against Johnson, she will be able to present all of her arguments at one time to the Seventh Circuit. As such, the Court finds that an interlocutory appeal at this stage of the case would hinder rather than expedite the litigation. *See Ahrenholz*, 219 F.3d at 676. Therefore, Johnson's request for an interlocutory appeal is denied.

**B.     Certification to the Indiana Supreme Court**

Johnson requests that the Court certify the following question to the Indiana Supreme Court: "whether an insurance company can be held liable for an excess verdict when it negligently fails to settle a claim within policy limits and exposed its insured to an excess verdict." Johnson's Mot. at 2, ECF No. 24. The Court denies this request.

The district court "may certify a question of Indiana law to the [Indiana] Supreme Court when it appears to the federal court that a proceeding presents an issue of state law that is determinative of the case and on which there is no clear controlling Indiana precedent." Ind. R. App. P. 64(a). The Seventh Circuit has explained that "certification is appropriate when the case concerns a matter of vital public concern, where the issue will likely recur in other cases, where

resolution of the question to be certified is outcome determinative of the case, and where the state supreme court has yet to have an opportunity to illuminate a clear path on the issue." *State Farm Mut. Auto. Ins. Co. v. Pate*, 275 F.3d 666, 672 (7th Cir. 2001) (quoting *In re Badger Lines, Inc.*, 140 F.3d 691, 698–99 (7th Cir. 1998)); *see also Rain v. Rolls-Royce Corp.*, 626 F.3d 372, 378 (7th Cir. 2010). Because certification is burdensome to the litigants and the state judiciary, federal courts "approach the decision to certify with circumspection." *Pate*, 275 F.3d at 671. "The decision to grant or deny a motion to certify a question of state law is discretionary with the district court." *Brown v. Argosy Gaming Co., L.P.*, 384 F.3d 413, 417 (7th Cir. 2004) (citing *United Farm Bureau Mut. Ins. Co. v. Metro. Human Relations Comm'n*, 24 F.3d 1008, 1015 n.4 (7th Cir. 1994)).

The Court finds that the proposed question for certification is not "determinative of the case" because Johnson still has pending claims for bad faith failure to settle (Count III) and breach of contract (Count IV). *See* Ind. R. App. P. 64(a). Further, as indicated at length in this Court's prior order, there is not an absence of Indiana precedent. *See* Ind. R. App. P. 64(a); *see, e.g.*, *Hickman*, 622 N.E.2d at 519–20; *Freidline*, 774 N.E.2d at 40; *Inman*, 981 N.E.2d at 1207–08; *WellPoint, Inc.*, 29 N.E.3d at 727; *see also Pate*, 275 F.3d at 672. Thus, certification is not appropriate in this case.

Finally, the Court notes that Travelers' Motion to Dismiss [ECF No. 24] was filed on January 18, 2018. Johnson filed her Response [ECF No. 28] on February 5, 2018, and Travelers filed a Reply [ECF No. 31] on March 16, 2018. The issue that Johnson now seeks to certify to the Indiana Supreme Court was raised and fully briefed by the parties. This case was reassigned to the undersigned as presiding judge on May 1, 2019. *See* Order, ECF No. 47. On February 18, 2020, the Court granted Travelers' Motion to Dismiss and concluded that there was no tort claim

for negligently failing to settle a claim within the policy limits of an insurance contract under Indiana law. *See* Op. & Order at 11, ECF No. 63. Notably, Johnson did not request certification to the Indiana Supreme Court until *after* this Court issued a ruling that was detrimental to her case. Thus, in an exercise of discretion, the Court declines Johnson's request for certification to the state supreme court.[2]

## CONCLUSION

For the reasons stated above, Brittany M. Johnson's Motion for Certification of Question to the Indiana Supreme Court, or in the alternative, Motion for Certification of Interlocutory Appeal to the Seventh Circuit [ECF No. 65] is DENIED.

SO ORDERED on April 22, 2020

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[2] *See Patel v. United Fire & Cas. Co.*, 80 F. Supp. 2d 948, 955 (N.D. Ind. 2000) ("Perhaps this argument would have carried more persuasive force had it been made prior to this court's ruling on the issue of consequential damages. Certification is disfavored where the court has previously decided the issue or has already tried the case. (citing *Perkins v. Clark Equipment Co.*, 823 F.2d 207, 210 (8th Cir. 1987))); *see also St. Paul Fire & Marine Ins. Co. v. City of Kokomo,* No. 1:13-cv-1573, 2015 WL 7573227, at *9 (S.D. Ind. Nov. 25, 2015).