UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY,<br>        Plaintiff,<br><br>v.<br><br>BRITTANY M. JOHNSON,<br>        Defendant.<br><br>BRITTANY M. JOHNSON,<br>        Counter-Claimant,<br><br>v.<br><br>THE TRAVELERS INDEMNITY COMPANY,<br>        Counter-Defendant. | CAUSE NO.: 4:17-CV-86-TLS |

**OPINION AND ORDER**

This matter is before the Court on the Defendant/Counter-Plaintiff's Motion to Compel and Motion for In-Camera Inspection [ECF No. 105], filed on February 14, 2023, and the Defendant/Counter-Plaintiff's Amended Second Motion to Compel [ECF No. 107], filed on March 1, 2023. Addressing the motions at the final pretrial conference on April 4, 2023 [ECF No. 121], the Court granted the Defendant's request for an *in-camera* review of documents of which the Plaintiff produced redacted versions during the discovery period. Having reviewed the unredacted and redacted documents produced by the Plaintiff, the Court grants in part and denies in part the Defendant's motions to compel.

A party may "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and

whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (citing *Hickman v. Taylor*, 329 U.S. 495, 501 (1947)). A party may seek an order compelling discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. Fed. R. Civ. P. 37(a). The burden is on the objecting party to show why a particular discovery request is improper.

A.  **Defendant/Counter-Plaintiff's Motion to Compel**

In the Defendant's first motion to compel, she "requests that the court order the plaintiff to produce all the items contained in the privilege log." ECF No. 105 ¶ 6. The Plaintiff responds first by withdrawing its assertion of privilege over "documents in which underlying counsel Robert Foos and/or Paul Belch communicated legal developments to Travelers in the underlying action." ECF No. 108 at 1. It is unclear from the privilege log and the Plaintiff's brief which documents are covered by the withdrawal. The Court thus infers from the privilege log and the absence of any argument by the Plaintiff contesting their production that the Plaintiff has withdrawn its assertion of privilege over documents with Bates labels ending in the following numbers: 0215–16, 0217–18, 0230–31, 1535–37, 1576–80, 2768, 2775–76, 2784, 2801, 2807–08, 2904, 2905–10, 2924, 2936–37, 2940–41, 2946–47, 2983–88, 2989–91, 2992–94, 2998–99, 3000–01, 3029–30, 3048–49, 3052, 3059–60, 3066–67, 3073, 3132, 3133–35, 3141–43, 3179, 3214–15, 4730, 4741–44. The Court's ruling on the statements of reserves contained in documents ending in numbers 2905–10, 2946–47, 2983–88, 3000–01, 3029–30, 3059–60, and 3073 is explained below.

The Plaintiff maintains its assertions of privilege over (1) attorney-client communications and work product related to this case, (2) statements of reserves, (3) irrelevant documents accidentally included in the claim file, (4) attorney-client communications during and after the underlying litigation, and (5) attorney-client communications with representatives of Sandberg Trucking. ECF No. 108 pp. 1–2. The Court discusses each category of documents in turn.

1. *Attorney-Client Communications Related to This Case*

A party's communications are protected by attorney-client privilege so long as the party shows "(i) the existence of an attorney-client relationship and (ii) that a confidential communication was involved." *TP Orthodontics, Inc. v. Kesling*, 15 N.E.3d 985, 995 (Ind. 2014) (citation omitted). The party must establish that "the communication at issue occurred in the course of an effort to obtain legal advice or aid, on the subject of the client's rights or liabilities, from a professional legal advisor acting in his or her capacity as such." *Id.* at 995–96 (citation omitted).

The Plaintiff identifies the documents with Bates labels ending with the following numbers as privileged attorney-client communications related to the instant case: 2491, 2625, 4891, 5231, as well as the claim note of 12/20/17 and the claim notes after 5/8/18. The Court agrees with the Plaintiff that the specified documents include confidential communications between the Plaintiff and its counsel and are therefore protected by attorney-client privilege.

2. *Statements of Reserves*

The Plaintiff contends that its statements of loss reserves are generally not discoverable. It cites *Indianapolis Airport Authority v. Travelers Property Casualty Co. of America*, No. 1:13-CV-1316, 2014 WL 7360049, at *6 (S.D. Ind. Dec. 23, 2014), for its holding: "Loss reserves are not relevant to the issues in this case. For one, reserve amounts are precautionary estimates unrelated to the merits of a claim." The Defendant responds that, unlike in *Indianapolis Airport*

3

*Authority*, the Plaintiff's reserves are discoverable because they are relevant to the instant bad faith claim. The Court concludes the Plaintiff's reserves are discoverable.

The court in *Indianapolis Airport Authority* did not hold that generally, loss reserves are not relevant, but that "[l]oss reserves are not relevant to the issues" in that case. *Id.* The court continued, contrasting its case with one in which bad faith is alleged: "Similarly, IAA has not alleged any bad faith claims so as to warrant discovery on reserve amounts." *Id.* The Defendant in this case has brought a bad faith counterclaim against the Plaintiff for failure to settle. *See* ECF No. 19 pp. 18–20, ¶¶ 56–59. To succeed on her counterclaim, the Defendant must show "evidence of a state of mind reflecting dishonest purpose, moral obliquity, furtive design, or ill will." *Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968, 977 (Ind. 2005) (quoting *Colley v. Ind. Farmers Mut. Ins. Grp.*, 691 N.E.2d 1259, 1261 (Ind. Ct. App. 1998)). A jury's decision on the counterclaim will depend on the Plaintiff's treatment of the underlying insurance suit "and how it was processed, handled, and analyzed." *Woodruff v. Am. Fam. Mut. Ins. Co.*, 291 F.R.D. 239, 250 (S.D. Ind. 2013). The Court concludes that statements of reserves are relevant to those questions and are thus discoverable. *See id.* ("The Court finds that reserve-related documentation is relevant to the Estate's claim. This information goes to American Family's treatment of the Hamilton Action and how it was processed, handled, and analyzed."); *see also Am. Protection Ins. Co. v. Helm Concentrates, Inc.*, 140 F.R.D. 448, 450 (E.D. Cal. 1991) ("Thus when an insurer, by its actions, acknowledges the potential for liability and fails to attempt to settle a claim against its insured and/or fails to defend, reserve information is relevant to the issue of good faith."). Therefore, the Plaintiff must produce the statements of reserves contained in the documents with Bates labels ending in the following numbers: 2459–71, 2472–76, 2477–81, 2482–85, 2486–90, 2491–2624, 2625, 2693–99, 2905–10, 2946–47, 2983–88, 3029–30, 3057–58, 3059–60, 3061–62, 3073, 3074–78, 3079–80, 3095–96, 3155–59, 3172–77,

3178, 3206–12, 3213, 3989–96, 4022–29, 4036–43, 4044–46, 4047–48, 4051–58, 4090–98, 4099–4107, 4128–36, 4146–54, 4183–91, 4323–31, 4645–54, 4718–27, 4731–40, 4757–65, 4876–85, 4893–94, 4895–4904, 4942–50, 4951–59, 5178–87, 5188–98, 5221–30, 5240–49, 5250, 5251–60, 5274–84, 5285–86, 5287–97, 5298–5301, 5302–06, 5307–10, 5352–53, 5355–56, 5369–79, 5380–81, 5382–92, 5393–94, 5968–78, 5979–80, 5981–91, 5992–93, 5996, 6001–11.

3.  *Irrelevant Documents*

The Plaintiff argues that the documents with Bates labels ending in 3113, 3194, and 4992 contain information regarding other claims and were included in the claim file accidentally. It argues that there is no basis for these documents to lead to the discovery of admissible evidence. The Defendant does not offer an argument as to why these documents might be relevant. Having reviewed the identified documents as part of the Court's *in-camera* review, the Court agrees with the Plaintiff and denies the Defendant's motion to compel as to those documents.

4.  *Attorney-Client Communications During and After the Underlying Trial*

The Plaintiff agrees that "certain pre-trial communications with counsel in the underlying case (first Paul Belch, then Robert Foos) could be relevant," but nonetheless maintains its assertion of privilege over "communications during and after the underlying trial." ECF No. 108 at 3. Specifically, the Plaintiff cites documents with Bates labels ending in 4745, 4749, 4753, 4800, 4875, 4893, 4966, 4969, 5218, 5352, 5354, 5362, 5363, and 6210.

The identified documents do not include correspondence between the Plaintiff and the insured or the insured's counsel. Rather, the documents include correspondence between the Plaintiff and its own counsel. The Defendant cites no authority for the proposition that the Plaintiff's communications with its own counsel during the underlying litigation are not protected by attorney-client privilege. The Defendant argues that attorney-client privilege may be

5

waived, *see Whitehead v. State*, 500 N.E.2d 149, 153–54 (Ind. 1986), and that waiver occurs where the client testifies as to a specific communication or offers his attorney's testimony as to that communication, *see id.* However, the Defendant has not pointed to anything that would suggest the Plaintiff has waived attorney-client privilege with regard to the documents identified in this section. The Court therefore concludes the documents are protected by attorney-client privilege.

5.  *Attorney-Client Communications with Sandberg Trucking*

The Plaintiff argues that the documents with Bates labels ending in the following numbers contain attorney-client communications with Sandberg Trucking, which has not waived the privilege: 2659, 2661, 2663, and 2666. The Plaintiff argues that whereas the insured waived attorney-client privilege by assigning to the Defendant his rights to bring a bad faith claim against the Plaintiff, Sandberg Trucking was not a party to the underlying lawsuit and has not waived the privilege. The Defendant has not argued that Sandberg Trucking has waived the privilege or that the Plaintiff has testified to any of Sandberg Trucking's communications or offered testimony as to its communications. The Court thus concludes that the identified documents reflecting communications between Sandberg Trucking and its attorney are protected by attorney-client privilege.

**B.      Defendant/Counter-Plaintiff's Amended Second Motion to Compel**

In the Defendant/Counter-Plaintiff's Amended Second Motion to Compel, the Defendant asks the Court to order the Plaintiff to produce an unredacted copy of its policies and procedures. The Plaintiff responds that the guidelines in its policies and procedures include lengthy sections on topics unrelated to the underlying lawsuit at issue in this action, which involved handling of a third-party liability claim arising from a commercial trucking accident. The Plaintiff lists seventeen examples of information contained in its policies and procedures that it argues are

6

irrelevant to the instant case. In her reply brief, the Defendant argues that of the seventeen categories listed, the following

> would seem . . . to be discoverable and [germane] to the issues of this case:
> a. Discussion on how to initiate the appraisal process in an auto claim;
> b. Guidelines in dealing with customers when coverage is unresolved;
> c. Discussions of "Third-Party Carrier Handling"[;]
> d. Litigation and ADR procedures[;]
> e. Discussion of release and settlement agreements.

ECF No. 116 ¶ 6.

"Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Information "need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). "What constitutes relevant information is often a matter of judgment, and even irrelevant information within a document that contains relevant information may be highly useful to providing context for the relevant information." *Cox v. Sherman Cap. LLC*, No. 1:12-CV-1654, 2016 WL 397607, at *1 (S.D. Ind. Feb. 2, 2016) (quotation marks and citation omitted). The Court has "broad discretion in matters relating to discovery." *Senior Lifestyle Corp. v. Key Benefit Admins., Inc.*, No. 1:17-CV-2457, 2018 WL 9916128, at *2 (S.D. Ind. July 6, 2018) (quoting *Patterson v. Avery Dennison Corp.*, 281 F.3d 676, 681 (7th Cir. 2002)). Having reviewed the documents as part of the Court's *in-camera* review, the Court agrees with the Defendant that items b., c., and e. are relevant to the issues in this case.

7

**CONCLUSION**

For the foregoing reasons, the Court GRANTS in part and DENIES in part the Defendant/Counter-Plaintiff's Motion to Compel [ECF No. 105].[1] The Plaintiff is ORDERED to produce:

- To the extent the Plaintiff has not already, documents it has withdrawn its assertion of privilege over, including documents with Bates labels ending in 0215–16, 0217–18, 0230–31, 1535–37, 1576–80, 2768, 2775–76, 2784, 2801, 2807–08, 2904, 2905–10, 2924, 2936–37, 2940–41, 2946–47, 2983–88, 2989–91, 2992–94, 2998–99, 3000–01, 3029–30, 3048–49, 3052, 3059–60, 3066–67, 3073, 3132, 3133–35, 3141–43, 3179, 3214–15, 4730, and 4741–44; and
- Statements of reserves with Bates labels ending in 2459–71, 2472–76, 2477–81, 2482–85, 2486–90, 2491–2624, 2625, 2693–99, 2905–10, 2946–47, 2983–88, 3029–30, 3057–58, 3059–60, 3061–62, 3073, 3074–78, 3079–80, 3095–96, 3155–59, 3172–77, 3178, 3206–12, 3213, 3989–96, 4022–29, 4036–43, 4044–46, 4047–48, 4051–58, 4090–98, 4099–4107, 4128–36, 4146–54, 4183–91, 4323–31, 4645–54, 4718–27, 4731–40, 4757–65, 4876–85, 4893–94, 4895–4904, 4942–50, 4951–59, 5178–87, 5188–98, 5221–30, 5240–49, 5250, 5251–60, 5274–84, 5285–86, 5287–97, 5298–5301, 5302–06, 5307–10, 5352–53, 5355–56, 5369–79, 5380–81, 5382–92, 5393–94, 5968–78, 5979–80, 5981–91, 5992–93, 5996, 6001–11.

The Court DENIES the Defendant/Counter-Plaintiff's Motion to Compel as to

- Attorney-client communications related to the instant case, including documents with Bates labels ending in 2491, 2625, 4891, 5231, as well as the claim note of 12/20/17 and the claim notes after 5/8/18;
- Documents pertinent to other claims, including documents with Bates labels ending in 3113, 3194, and 4992;
- Attorney-client communications during and after the underlying trial, including documents with Bates labels ending in 4745, 4749, 4753, 4800, 4875, 4893, 4966, 4969, 5218, 5352, 5354, 5362, 5363, and 6210; and
- Attorney-client communications between Sandberg Trucking and its attorneys, including documents with Bates labels ending in 2659, 2661, 2663, and 2666.

---

[1] The Court notes that the documents with Bates labels ending in the following numbers are described in the privilege log, *see* ECF No. 105-1, but are not included in the unredacted documents produced for the Court's *in-camera* review: 0215–16, 0217–18, 0230–31, 2491–2624, 2775–76, 2784, 2801, 2807–08, 2904, 2905–10, 2924, 2936–37, 2940–41, 2946–47, 2989, 2992, 3000–01, 3029–30, 3048–49, 3052, 3059–60, 3066–67, 3073, 3074–78, 3132, 3133–35, 3141–43, 3155–59, 3172–77, 3179, 3206–12, 3214–15, 3989–96, 4022–29, 4036–43, 4051–58, 4090–98, 4099–4107, 4128–36, 4146–54, 4183–91, 4323–31, 4645–54, 4718–27, 4730, 4731–40, 4741–44, 4757–65, 4876–85, 4895–4904, 4942–50, 4951–59, 4972, 5051–54, 5055–66, 5178–87, 5188–98, 5216–17, 5223–30, 5240–49, 5250, 5251–60, 5274–84, 5285–86, 5287–97, 5369–79, 5380–81, 5382–92, 5393–94, 5981–91, 5992–93, 5996, 6001–11, 6134–35. The fact that these documents were not included for the Court's review has not affected the Court's ability to rule on their production for purposes of this motion.

The Court GRANTS in part and DENIES in part the Defendant/Counter-Plaintiff's Amended Second Motion to Compel [ECF No. 107], granting the Motion as to guidelines in dealing with customers when coverage is unresolved (pp. 28–29), discussion of "Third-Party Carrier Handling," (p. 79), and discussion of release and settlement agreements (p. 123) and denying the Motion as to the remainder of the Plaintiff's policies and procedures.

The Court is now in possession of multiple sets of documents provided by the Plaintiff. Counsel for the Plaintiff may contact the Courtroom Deputy, Rosaria Shumylo, at rosaria_shumylo@innd.uscourts.gov, to arrange a time to pick up the documents.

SO ORDERED on May 30, 2023.

                                            s/ Theresa L. Springmann
                                            JUDGE THERESA L. SPRINGMANN
                                            UNITED STATES DISTRICT COURT