UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| THE TRAVELERS INDEMNITY COMPANY,<br><br>   Plaintiff,<br><br>   v.<br><br>BRITTANY M. JOHNSON,<br><br>   Defendant. | Cause No. 4:17-CV-86-PPS |

## OPINION AND ORDER

This case was reassigned to me from Judge Springmann a couple months ago. It's been in the system far too long. The gist of the case is that Brittany Johnson believes that Travelers Insurance Company botched its handling of a state law case that led to a verdict in excess of policy limits. She alleges that Travelers engaged in bad faith in the way it handled the underlying state law case and that it did so negligently as well.

Ms. Johnson has used the fortuity of the transfer of the case to me to ask for a second bite of the apple in a decision made by Judge Springmann. In particular, Johnson has a filed a Motion to Reconsider the Dismissal of Johnson's Claim for Damages Due to Travelers "Negligent" Failure to Settle a Claim Within Policy Limits. [DE 153]. This issue was fully briefed before Judge Springmann on a motion to dismiss filed by Travelers, and in a 16-page opinion, she made a reasoned decision granting the dismissal of Johnson's negligence claim. [DE 63]. The bad faith claim remains pending and is set for trial in little more than a month. The opinion dismissing the negligence

claim was issued by Judge Springmann nearly *five years ago*. [*Id*.] After thoroughly reviewing the issue presented, I see no basis to reconsider Judge Springmann's decision. Especially now, when we are about a month away from trial and not a thing has changed (other than the judicial officer assigned to the case) since her opinion was issued. The motion to reconsider will therefore be DENIED.

## Background

The relevant facts of the underlying state court litigation and the procedural background which led this case to federal court are detailed in Judge Springmann's order [DE 63] and need not be reiterated for present purposes. The issue presented is a narrow one: does Indiana law allow for a cause of action for an insurer's negligence in refusing to settle a claim? Judge Springmann answered that question "no." It is certainly true that I have "the inherent power to reconsider interlocutory orders and reopen any part of a case before entry of final judgment." *Fisher v. Nat'l R.R. Passenger Corp.*, 152 F.R.D. 145, 149 (S.D. Ind. 1993) (citing *Marconi Wireless T. Co. of Am. v. United States*, 320 U.S. 1, 47-48(1943)). But it is equally true that a party seeking reconsideration must clear a high bar, and a motion for reconsideration should not be granted absent a compelling reason. *Eib v. Marion Gen. Hosp., Inc.*, 2019 WL 3774234, at *2 (N.D. Ind. Aug. 12, 2019) ("It is well-established, then, that district courts should entertain motions to reconsider only in very limited circumstances and for very limited reasons"); *Rothwell Cotton Co. v. Rosenthal & Co.*, 827 F.2d 246, 251 (7th Cir.1987) ("Motions for

2

reconsideration serve a limited function; to correct manifest errors of law or fact or to present newly discovered evidence").

Johnson's Motion for Reconsideration fails to demonstrate that Judge Springmann made a manifest error of law or that Indiana law has changed in the meantime. As such, Johnson's motion fails to provide a valid reason for reconsideration.

## Discussion

Let's start with a review of the opinion I am being asked to reconsider. Judge Springmann came to her decision after an extensive review of Indiana law. She began her analysis of Indiana law with *Flint & Walling Mfg. Co. v. Beckett*, 167 Ind. 491, 79 N.E. 503, 504 (1906). Analyzing *Flint*, Judge Springmann noted that the Indiana Supreme Court in *Flint* held that a plaintiff could bring a cause of action under a theory of contract law or a theory of tort law. [DE 63 at 6]. Judge Springmann then discussed *Anderson v. St. Paul Mercury Indem. Co.*, 340 F.2d 406 (7th Cir. 1965). In *Anderson*, the Seventh Circuit, relying on *Flint*, concluded that Indiana is a "negligence as well as a bad faith state and not just a bad faith state." *Anderson*, 340 F.2d at 409. In her opinion, Judge Springmann discussed that *Anderson* was cited approvingly in cases deciding Indiana law until 1993 when the Indiana Supreme Court decided *Erie Ins. Co. v. Hickman by Smith*, 622 N.E.2d 515, 517 (Ind. 1993). [DE 63 at 7].

In *Hickman*, insureds filed suit against Erie Insurance Company seeking to recover compensatory and punitive damages for breach of an insurance contract. The jury awarded both compensatory and punitive damages to the plaintiffs and Erie

appealed arguing that there was insufficient evidence for an award of punitive damages. *Hickman*, 622 N.E.2d at 517. The Indiana Supreme Court granted transfer to "reaffirm the existence of a duty that an insurer deal in good faith with its insured." *Id*. In laying out what constitutes the obligation of good faith and fair dealing the Indiana Supreme Court stated the obligation includes a duty to "refrain from (1) making an unfounded refusal to pay policy proceeds; (2) causing an unfounded delay in making payment; (3) deceiving the insured; and (4) exercising any unfair advantage to pressure an insured into a settlement of his claim." *Id*. at 519. The *Hickman* opinion also expressly limited the scope of the cause of action it was creating: "We also note that this new cause of action does not arise every time an insurance claim is erroneously denied…[t]his is so even if it is ultimately determined that the insurer breached its contract." *Id*. at 520.

    The rationale of *Hickman* regarding an insurer's duty to deal in good faith with its insureds has been reaffirmed in a plethora of cases following the decision in 1993. Judge Springmann's opinion provides an analysis of some of these cases. [DE 63 at 8-11]. In *Freidline v. Shelby Ins. Co.*, 774 N.E.2d 37 (Ind. 2002) the Indiana Supreme Court considered the duty an insurer has to deal in good faith with its insureds, and in doing so it announced an elevated standard of proof in such cases: "[t]o prove bad faith, the plaintiff must establish, with clear and convincing evidence, that the insurer had knowledge that there was no legitimate basis for denying liability." *Freidline*, 774 N.E.2d at 40.

4

Likewise, in *Monroe Guar. Ins. Co. v. Magwerks Corp.*, 829 N.E.2d 968 (Ind. 2005) the Indiana Supreme Court again discussed an insurer's duty to deal with its insureds in good faith. The court recognized that it had an opportunity to expand the duty to deal in good faith to include "the manner of handling the claim" but refused to do so. *Monroe*, 829 N.E.2d at 976. Indeed, the court stated that "we decline at this time to expand on the extent of the duty an insurer owes its injured beyond those we have already expressed in *Hickman*." *Id.* The caution expressed by the Indiana Supreme Court in expanding the cause of action created in *Hickman* was picked up on by the Indiana Appellate court in *Pearman v. Stewart Title Guar. Co.*, 108 N.E.3d 342 (Ind. Ct. App. 2018). In that case, the court discussed an insurer's duty to deal in good faith with its insureds and explicitly held that "[p]oor judgment or negligence do not amount to bad faith; the additional element of conscious wrongdoing must also be present." *Pearman*, 108 N.E.3d at 348.

Judge Springmann's extensive analysis of Indiana law reflects a careful review of the pertinent caselaw. The opinion is supported by statements from the Indiana Supreme Court and the Indiana Appellate court following *Hickman*. Johnson's argument that I should follow Seventh Circuit precedent established *before* the Indiana Supreme Court decided *Hickman* is entirely unpersuasive for an obvious reason: once the Indiana Supreme Court has spoken on a state law issue, Seventh Circuit precedent is no longer authoritative. *Reiser v. Residential Funding Corp.*, 380 F.3d 1027, 1029 (7th Cir. 2004) ("A decision by a state's supreme court terminates the authoritative force of our

5

decisions interpreting state law…"); *Kaiser v. Johnson & Johnson*, 947 F.3d 996, 1013 (7th Cir. 2020) (explaining that once the Indiana Supreme Court decides an issue of state law, federal courts are required to follow the Indiana Supreme Court rather than Seventh Circuit decisions to the contrary).

In support of her Motion for Reconsideration, Johnson cites a handful of cases decided after *Hickman*. Johnson cites *Phico Ins. Co. v. Aetna Cas. & Sur. Co. of Am.*, 93 F. Supp. 2d 982 (S.D. Ind. 2000). [DE 153 at 4-5]. In *Phico*, the court holds that an excess insurer may bring a cause of action against a primary insurer for negligent defense of a claim against the insured. *Phico*, 93 F. Supp. 2d at 990. The court in *Phico* relied on *Certain Underwriters of Lloyd's & Companies Subscribing to Excess Aviation Liab. Ins. Pol'y No. FL-10959 A & B v. Gen. Acc. Ins. Co. of Am.*, 909 F.2d 228 (7th Cir. 1990) in making its decision. *Id.* For starters, *Phico* is not binding on me, of course. But more importantly, its reliance on a Seventh Circuit case that precedes *Hickman* makes it especially unpersuasive.

Johnson also cites *McGrath v. Everest Nat. Ins. Co.*, 668 F. Supp. 2d 1085 (N.D. Ind. 2009) to support her Motion for Reconsideration. [DE 153 at 3-4]. In *McGrath*, the court writes "[n]othing in *Erie* holds that a claim of bad faith is the exclusive tort remedy available." *McGrath*, 668 F. Supp. 2d at 1108. Given the weight of the authority to the contrary, the court's broad statement in *McGrath* that bad faith is not the only tort remedy available to an insured is not enough to show that Judge Springmann's analysis in relation to the tort of negligent failure to settle is clear legal error.

Johnson also cites *Cincinnati Insurance Company v. Selective Insurance Company of America*, Case No. 1:18-cv-956 (S.D. Ind. 2021) in support of her Motion for Reconsideration. [DE 153 at 7]. In that case, the court certified the question of whether Indiana law recognizes a cause of action for negligent failure to settle to the Indiana Supreme Court. However, the parties settled, and the Indiana Supreme Court declined to answer the question. *In the Matter of the Certified Question: Cincinnati Insurance Company v. Selective Insurance Company of America*, Case No. 21S-CQ-96 (Ind. 2021). These few cases are a weak basis on which to ask me to reverse Judge Springmann's ruling. Given the precedent cited above and the cases cited below, the overwhelming number of cases considering Indiana law on this issue are consistent with Judge Springmann's ruling.

What's more, Johnson has also failed to illustrate a change in Indiana law since Judge Springmann issued her opinion in 2020. In fact, the overwhelming majority of cases decided after Judge Springmann's opinion which consider Indiana law regarding an insurer's duty to deal with its insureds in good faith support her conclusion. In *Stratford Ins. Co. v. Shorewood Forest Utilities Inc.*, 2021 WL 4427287 (N.D. Ind. Sept. 27, 2021) I issued an opinion considering whether negligent failure to settle was a recognized cause of action in Indiana. In line with Judge Springmann, I concluded that negligent failure to settle was not a recognized cause of action in Indiana. *Stratford*, 2021 WL 4427287 at 6. When recently considering an insurer's duty to deal in good faith I held that under Indiana law, an action is taken in bad faith when an insurer denies a

7

claim with the knowledge that there is no rational, principled basis for doing so. *Crane 1 Holdco, Inc. v. Cont'l Ins. Co.*, 2024 WL 165899, at *5 (N.D. Ind. Jan. 16, 2024) (citing *Freidline*, 774 N.E.2d at 40).

Since Judge Springmann's opinion, the Seventh Circuit has also issued an opinion adopting the standard set forth by the Indiana Supreme Court in *Hickman*. In *Greenbank v. Great Am. Assurance Co.*, 47 F.4th 618 (7th Cir. 2022) the Seventh Circuit writes that an insurer breaches the covenant of good faith and fair dealing, when an insurer denies liability knowing that there is no rational, principled basis for doing so. *Greenbank*, 47 F.4th at 626.

The topper to all of this can be found in a footnote to Travelers' response brief where Travelers impressively lists *seventeen* opinions decided after Judge Springmann's decision which have held that mere negligence is not sufficient to show bad faith. [DE 155 at 9 n.2]. In short, Indiana law has not changed since Judge Springmann issued her opinion and has in fact remained consistent with it.

Finally, Johnson also asks me to certify to the Indiana Supreme Court the question of whether Indiana recognizes a cause of action against an insurance company for the negligent failure to settle a claim within policy limits. When deciding whether to certify a question, the most important consideration is whether the court is genuinely uncertain about a question of state law controlling the outcome of the case. *In re Hernandez*, 918 F.3d 563, 570 (7th Cir. 2019). I simply don't have much doubt as to the

state of Indiana law on the issue presently before me. Certification of the issue is therefore not justified in this circumstance.

## Conclusion

Johnson waited five years to move to reconsider Judge Springmann's opinion in this case. It's pretty clear the only reason she did it is because of the happenstance of a new judge being assigned to the matter. That is a weak ground upon which to reconsider a ruling especially with trial a month away in a case that's been in the system for nearly seven years. For this reason and the others outlined above, Johnson's Motion for Reconsideration [DE 153] is **DENIED**.

**SO ORDERED**.

ENTERED: October 4, 2024.

/s/ Philip P. Simon
PHILIP P. SIMON, JUDGE
UNITED STATES DISTRICT COURT